DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Court of Common Pleas that found appellant to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. I
 "THE STATUTE, KNOWN AS MEGAN'S LAW, (R.C. 2950.01, ETC.) IS AN UNLAWFUL AND UNREASONABLE EXERCISE OF THE POLICE POWERS AS IT APPLIES TO `SEXUAL PREDATORS' UNDER THE OHIO CONSTITUTION SINCE IT INTERFERES WITH PRIVATE RIGHTS BEYOND THE NECESSITIES OF THE SITUATION AND/OR SINCE IT IS UNDULY OPPRESSIVE TO THE INDIVIDUALS AFFECTED THEREBY, AND INTERFERES WITH THE PRIVACY, PROPERTY AND LIBERTY INTERESTS OF THE INDIVIDUAL AFFECTED BEYOND THE NECESSITIES OF THE SITUATION.
"ASSIGNMENT OF ERROR NO. II
 "THE STATUTE, KNOWN AS MEGAN'S LAW, VIOLATES THE DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION WHEN THE TRIAL COURT TOOK UNDER CONSIDERATION THE PRESENTENCE INVESTIGATIVE SUMMARY REPORTS FROM 1989 WITHOUT FIRST DETERMINING WHAT HEARSAY STATEMENTS, IF ANY, WERE RELIABLE."
"ASSIGNMENT OF ERROR NO. III
 "WHETHER THE STATUTE, KNOWN AS MEGAN'S LAW, VIOLATES THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
"ASSIGNMENT OF ERROR NO. IV
 "WHETHER THE STATUTE, KNOWN AS MEGAN'S LAW, VIOLATES THE EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION."
The facts that are relevant to the issues raised on appeal are as follows. On June 12, 1989, appellant was found guilty of two counts of gross sexual imposition after trial to a jury. On March 12, 1990, after trial to a jury, appellant was found guilty of one count of rape in violation of R.C. 2907(A)(1)(b). Appellant was sentenced to terms of imprisonment for all offenses. On June 14, 1999, appellant appeared before the trial court for a hearing pursuant to R.C. 2950.09(B)(1) as to the three convictions, and on July 19, 1999, the trial court filed a judgment entry in which it found appellant to be a sexual predator.
In his first assignment of error, appellant asserts that R.C. 2950 is unconstitutional as it applies to sexual predators because it unreasonably interferes with the rights of individuals beyond the necessity of the situation and is unduly oppressive. Appellant relies on the decision of the Eleventh Appellate District in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, which found the law to be unconstitutional. Williams, however, was appealed to the Supreme Court of Ohio, which subsequently held that R.C. 2950 does not violate a convicted sex offender's right to privacy, right to acquire or protect property, right to pursue an occupation or right to a favorable reputation.State v. Williams (2000), 88 Ohio St.3d ___. Based on the holding of the Supreme Court of Ohio in Williams, supra, this court finds appellant's first assignment of error not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by considering his presentence investigation report without a hearing to confirm the reliability of the hearsay statements contained therein.
The Supreme Court of Ohio addressed the issue of the admissibility of presentence investigation reports which contain hearsay in State v. Cook (1998), 83 Ohio St.3d 404. In Cook, the court determined that Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from miscellaneous criminal proceedings. Cook at 425. Cook reasoned that a sexual predator classification hearing is similar to sentencing and probation hearings, which are among those to which the Rules of Evidence do not strictly apply. Id. Cook held that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings and thus, reliable hearsay, such as presentence investigation reports, may be relied upon by the trial judge. Id.
Upon consideration of the foregoing, this court finds that the trial court did not err by considering appellant's presentence investigation report when making its decision following the sexual predator classification hearing. Accordingly, appellant's second assignment of error is not well-taken.
In his third and fourth assignments of error, appellant asserts that R.C. 2950 violates his constitutional right against double jeopardy and violates the Equal Protection Clauses of the United States and Ohio Constitutions. Appellant, however, concedes that this court has considered both issues and determined that R.C. 2950 does not violate the double jeopardy provision of the United States Constitution or the Equal Protection Clauses of the United States and Ohio Constitutions. See State v. Johnson
(Dec. 31, 1998), Lucas App. No. L-98-1202, unreported; State v.Rife (Mar. 31, 1999), Lucas App. No. L-98-1131, unreported. Upon consideration of the foregoing, this court finds that appellant's third and fourth assignments of error are not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 ____________________________ Melvin L. Resnick, J., JUDGE
 Richard W. Knepper, P.J., Mark L. Pietrykowski, J.
CONCUR.